Electronically Filed
Intermediate Court of Appeals
CAAP-16-0000610
29-JAN-2020
08:41 AM

NO. CAAP-16-0000610

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
GARY LEE FELICIANO, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 14-1-0660(4))

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Chan and Wadsworth, JJ.)

Defendant-Appellant Gary Lee Feliciano (Feliciano) appeals from the August 17, 2016 Judgment, Conviction and Sentence entered by the Circuit Court of the Second Circuit (Circuit Court).[1] After a jury trial, the Circuit Court convicted Feliciano of Assault in the First Degree (Assault One) in violation of Hawai'i Revised Statutes (HRS) § 707-710(1) (2014).[2] Feliciano was sentenced to ten years incarceration with credit for time served.

On appeal, Feliciano argues the Circuit Court erred because: (1) there was insufficient evidence to prove Assault One; (2) it was improper to admit the complaining witness's (CW) redacted grand jury testimony as evidence; (3) it was improper to admit prior bad acts evidence to prove intent and the acts were

---

[1] The Honorable Richard T. Bissen, Jr., presided.

[2] HRS § 707-710(1) provides: "A person commits the offense of assault in the first degree if the person intentionally or knowingly causes serious bodily injury to another person." Serious bodily injury is "bodily injury which creates a substantial risk of death or which causes serious, permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." HRS § 707-700 (2014).

remote in time; and (4) it was improper to admit the temporary restraining order (TRO) petition as extrinsic evidence of bad acts without proper Hawaii Rules of Evidence (HRE) Rule 404(b) evaluation and HRE Rule 403 balancing.[3]

After a careful review of the record on appeal and the relevant legal authorities, and giving due consideration to the issues raised and the arguments advanced by the parties, we resolve Feliciano's points on appeal as follows and affirm.

1.    There was substantial evidence of serious bodily injury.  We review the sufficiency of evidence on appeal as follows:

> [E]vidence adduced in the trial court must be considered in the strongest light for the prosecution when the appellate court passes on the legal sufficiency of such evidence to support a conviction; the same standard applies whether the case was before a judge or jury.  The test on appeal is not whether guilt is established beyond a reasonable doubt, but whether there was substantial evidence to support the conclusion of the trier of fact.

State v. Richie, 88 Hawai'i 19, 33, 960 P.2d 1227, 1241 (1998) (quoting State v. Quitog, 85 Hawai'i 128, 145, 938 P.2d 559, 576 (1997)).  "'Substantial evidence' as to every material element of the offense charged is credible evidence which is of sufficient quality and probative value to enable a person of reasonable caution to support a conclusion."  Richie, 88 Hawai'i at 33, 960 P.2d at 1241 (internal quotation marks and citation omitted).  Feliciano challenges the sufficiency of the evidence only with regard to the proof of serious bodily injury, arguing that the prosecution failed to prove the injury involved created a substantial risk of death.

We need look no further than the testimony of Dr. William Langston (Dr. Langston), who testified that CW presented as bleeding from the chest and was an "unstable patient," her blood oxygen level was low, she was in "respiratory distress[,]" and in the "critical part of the curve where she could decompensate[4] quickly[.]"  Dr. Langston stated that CW

---

[3]    Feliciano's Points of Error have been restyled for clarity.

[4]    Decompensation is defined as "inability of the heart to maintain adequate circulation[.]"  Merriam-Webster's Collegiate Dictionary 323 (11th ed. 2003).

could continue to deteriorate, which would result in death. With significant intervention, including gaining control of her airways and placing a central line for blood transfusion, CW's heart rate came down and her blood pressure went up. CW was thereafter held in the hospital for two or three days. Taking the evidence in the light most favorable to the prosecution, there was sufficient evidence proving CW suffered a serious bodily injury.

2. The Circuit Court did not err by admitting CW's grand jury testimony as substantive evidence at trial. HRE Rule 613(b) (2016) provides:

> Extrinsic evidence of prior inconsistent statement of witness. Extrinsic evidence of a prior inconsistent statement by a witness is not admissible unless, on direct or cross-examination, (1) the circumstances of the statement have been brought to the attention of the witness, and (2) the witness has been asked whether the witness made the statement.

With regard to this provision, the commentary provides that it should be read in conjunction with HRE Rules 607 and 802.1(1). HRE Rule 607 (2016) provides that the credibility of a witness may be attacked by any party. HRE Rule 802.1 (2016) provides that previous statements made by witnesses who testify at trial are not excluded if "[t]he declarant is subject to cross-examination concerning the subject matter of the declarant's statement, the statement is inconsistent with the declarant's testimony, the statement is offered in compliance with rule 613(b), and the statement was . . . [g]iven under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition[.]" Moreover, prior inconsistent statements, if in compliance with HRE Rules 613(b) and 802.1(1)(B), are admissible for substantive purposes. State v. Eastman, 81 Hawai'i 131, 135-36, 913 P.2d 57, 61-62 (1996); see also State v. Sanchez, 82 Hawai'i 517, 523 n.2, 923 P.2d 934, 940 n.2 (App. 1996) (grand jury transcripts were admissible for substantive purposes under HRE Rule 802.1(1)(A)).

CW's grand jury testimony was clearly inconsistent with her trial testimony as, at a minimum, she testified at trial that she pinned Feliciano to the couch and pressed her forearm against his throat, the basis of Feliciano's assertion of self-defense,

3

while in her grand jury testimony she declared Feliciano stormed into the shed, grabbed her, pushed her on to the couch, accused her of adultery, and when she struggled away, stabbed her. The State questioned CW about giving testimony to the grand jury, which she remembered. When the State asked CW about answers she had previously given to the grand jury, she agreed with some answers and denied having given others. Finally, Feliciano was given the opportunity, and did, albeit briefly, cross-examine CW about her grand jury testimony.

Thus, CW's grand jury testimony was properly admitted as extrinsic evidence of a prior inconsistent statement pursuant to HRE Rules 613(b) and 802.1(1)(A). See Sanchez, 82 Hawai'i at 523 n.2, 923 P.2d at 940 n.2.

3. Feliciano claims the Circuit Court erred by admitting police reports and TRO petitions spanning twelve years prior to the charged conduct because they were too remote in time to be relevant to the issue of intent.

"'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." HRE Rule 401. HRE Rule 404 prohibits evidence of a person's character or a trait of a person's character for the purpose of proving action in conformity therewith on a particular occasion, but permits the use of evidence of other crimes, wrongs, or acts "where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident." The list of permissible purposes in Rule 404(b) is not intended to be exhaustive "for the range of relevancy outside the ban is almost infinite." State v. Clark, 83 Hawai'i 289, 300, 926 P.2d 194, 205 (1996) (internal quotation marks omitted) (quoting E.W. Cleary, McCormick on Evidence § 190, at 448 (Cleary ed. 1972)). Instead, 404(b) defines one impermissible purpose. Id. at 301, 926 P.2d at 206 (citing United States v. Miller, 895 F.2d 1431 (D.C. Cir. 1990). HRE Rule 403 provides for the exclusion of

relevant evidence where "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." On appeal, we review the trial court's relevance determination de novo. State v. Richie, 88 Hawai'i at 36-37, 960 P.2d at 1244-45 (1998).

Where a victim recants allegations of abuse, evidence of prior incidents of violence between the victim and the defendant are relevant to show the trier of fact the context of the relationship between the victim and the defendant, where, as here, that relationship is offered as a possible explanation for the victim's recantation. Clark, 83 Hawai'i at 301-02, 926 P.2d at 206-07 (discussing State v. Thompson, 520 N.W.2d 468 (Minn. Ct. App. 1994) (prior threats admitted where victim recanted allegation of sexual assault against boyfriend); Smith v. State, 669 A.2d 1 (Del. 1995) (evidence of other incidents of violence admitted in domestic sexual assault case)). Here, the court deemed the material relevant only after CW recanted her allegations against Feliciano. Therefore, because CW recanted, evidence of prior instances of violence were relevant to show the context of their relationship in order to offer an explanation for CW's recantation.

HRE Rule 403 balancing is reviewed for an abuse of discretion. Richie, 88 Hawai'i at 37, 960 P.2d at 1245. In weighing the probative value of the evidence against the possible prejudicial effect, we consider

> the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility.

State v. Behrendt, 124 Hawai'i 90, 106, 237 P.3d 1156, 1172 (2010) (citation omitted).

First, the strength of the evidence as to the prior incidents was high. All were documented with police reports or TRO petitions. Thus, the evidence was strong because it was supported by contemporaneous police reports or sworn TRO petitions.

Second, the similarity between the prior incidents and the present offense was high and showed escalating severity. Ten of the prior incidents involved physical violence, nine included allegations of abuse by Feliciano upon CW, and two included allegations of self-inflicted wounds that Feliciano attempted to blame on CW. Further, CW allowed two of the TRO petitions to dissolve previously and the argument on the instant occasion was over still another TRO that CW refused to withdraw. The other three items related to verbal abuse by Feliciano against CW. Therefore, the similarity was high because it involved the same parties and similar conduct.

Third, the interval of time that elapsed between the crimes did not diminish the probative value of the context of the relationship. The documented allegations took place over a period of twelve years from 2002 until the instant August 2014 stabbing. Where there is "high relevance and strong need, the rule 403 balance will always favor admissibility." Behrendt, 124 Hawai'i at 106, 237 P.3d at 1172 (internal quotation marks omitted) (quoting Addison M. Bowman, Hawaii Rules of Evidence Manual § 404-3[2][B] (2008-2009 ed.)). In Clark, the court deemed the context of the couples' relationship "a central fact of consequence[,]" and thus highly probative of the victim's recantation. Id. at 303, 926 P.2d at 208. Further, in State v. Asuncion, we affirmed admitting police reports of domestic violence going back six years against the defendant. 110 Hawai'i 154, 166-67, 129 P.3d 1182, 1194-95 (App. 2006) (citing Clark, 83 Hawai'i at 303, 926 P.2d at 208). Here, given CW and Feliciano's twenty-six-year relationship, events over the prior twelve years are not too remote in time and remain probative of the context of their relationship.

Fourth, the need for the evidence was high. <u>Clark</u> emphasized that where the complainant recants, the need for the evidence is high because the context of the relationship is "a central fact of consequence[.]" <u>Clark</u>, 83 Hawai'i at 303, 926 P.2d at 208. Thus, the need for the evidence was high because of CW's recantation.

Fifth, the efficacy of alternative proof was low. The only alternative proof offered was Daughter's testimony about the August 16, 2014 incident (Item 14). Daughter's brief testimony was of non-specific arguing between her parents, that the police were possibly called "because they always get involved[,]" and only after Daughter's recollection was refreshed and she was subjected to leading questioning did she acknowledge that Feliciano had hurt himself in an attempt to make CW look guilty. Therefore, alternative proof was not particularly effective.

Sixth, the degree to which the evidence would rouse the jury to overmastering hostility was low. The evidence of past incidents was highly similar, involved the same parties, and described events that were less violent and was thus unlikely to rouse the jury to overmastering hostility. <u>See</u> <u>Behrendt</u>, 124 Hawai'i at 107, 237 P.3d at 1173 (prior acts of the same general type of conduct and same complaining witness unlikely to prejudice a jury).

On review, having independently determined the evidence in question was relevant and that there was ample basis to conclude the prejudicial effect was outweighed by the probative value of the evidence, the Circuit Court did not abuse its discretion in admitting Items 1-4 and 6-14.

4. Feliciano asserts the court erred in admitting the substance of the August 18, 2014 Ex Parte Petition for an HRS 586 Temporary Restraining Order in FC-DA 14-1-0493 (TRO Petition)[5]

---

[5] Feliciano incorrectly refers to this document as "Item 15" from the hearing on the State's renewed motion to admit HRE Rule 404(b) evidence. At this hearing, the State identified the TRO as "Number 15" listed in its Notice of Intent to Use 404(b) Information (Notice). Item 15 of the Notice reads,

> All the facts and circumstances contained within FC DA 14-1-0493, documenting abuse by Defendant upon [CW] and the
> (continued...)

7

because it failed to conduct a proper HRE Rule 404(b) evaluation or an HRE Rule 403 balancing. HRE Rule 403 balancing is reviewed for an abuse of discretion. Richie, 88 Hawai'i at 37, 960 P.2d at 1245. In weighing the probative value of the evidence against the possible unfairly prejudicial effect, we consider

> the strength of the evidence as to the commission of the other crime, the similarities between the crimes, the interval of time that has elapsed between the crimes, the need for the evidence, the efficacy of alternative proof, and the degree to which the evidence probably will rouse the jury to overmastering hostility.

Behrendt, 124 Hawai'i at 106, 237 P.3d at 1172 (citation omitted).

At the pre-trial hearing on the State's Motion to Admit 404(b) Evidence, the Circuit Court reserved ruling on items 10 through 15 because

> the Court is not ready to rule that the probative value outweighs the prejudicial value at this time.
>
> Obviously the parties can renew their -- either their motion to allow it in or their objection for it to come in. But at this time, that's the Court's rulings on this -- on these items.

At trial, the Circuit Court and the parties engaged in a lengthy discussion regarding the probative value of the various items proffered by the State as well as their prejudicial impact, including whether the evidence would be introduced in the State's case-in-chief or in rebuttal. Along the way, the State offered that "we don't have to get into the incidents that led up to her getting the TRO or the circumstances resulting in the TRO, but we do have to refer to it." Feliciano's counsel conceded that "the fact that there was a TRO is relevant, and it's going to come in." However, Feliciano did not ask that State's Exhibit 96, the TRO Petition, be redacted. At the end of this discussion, the Circuit Court ruled that it would admit the TRO Petition.

---

[5](...continued)
subsequent granting of a Temporary Restraining Order by the Court on August 18, 2014, provided to defense counsel on or about March 30, 2016.

During CW's testimony, the prosecution read the allegations made by CW in the TRO Petition and asked her about them. Upon defense objection to the allegations in the TRO Petition being presented, argument out of the hearing of the jury was had, where it was discussed that the specific allegations were sworn-to in the TRO Petition but not documented anywhere else. CW denied that she filled out the form or made some of the allegations in the TRO Petition and denied that she understood what "under penalty of perjury" meant. The court overruled Feliciano's objection.

The record reflects extensive consideration of the arguments in support of and in opposition to admission of the TRO Petition. These arguments focused on the probative value and prejudicial effect of the evidence. While the Circuit Court did not make explicit its balancing of these factors on the record, it is evident from its questions that it was aware of and seriously considered them before making its ruling.

The TRO Petition was concededly relevant as it was allegedly the reason why Feliciano accosted CW on the date of the offense. Like the other documents proffered by the State, the statements contained in the TRO Petition were in writing and sworn-to by CW. HRE Rules 607, 613(b), 801, 802, and 802.1(1) permit extrinsic evidence of prior inconsistent out-of-court statements made by a witness questioned at trial about the circumstances of and substance of those statements. See Eastman, 81 Hawai'i at 135-37, 913 P.2d at 61-63. CW denied making some of the statements contained in the TRO Petition and the defense was allowed to cross-examine her about the substance and circumstances of her statements. Like the other evidence of prior bad acts, the statements were relevant to the relationship of the parties and the TRO Petition was especially powerful as it established the setting for the events of the charged offense. While not reflecting well on Feliciano, the matters alleged were not unlike the matters contained in the other prior bad act evidence and were likewise unlikely to rouse the jury to overmastering hostility towards him. We therefore conclude the

Circuit Court did not abuse its discretion in admitting the TRO Petition.

For the foregoing reasons we affirm the August 17, 2016 Judgment, Conviction and Sentence entered by the Circuit Court of the Second Circuit.

DATED:  Honolulu, Hawai'i, January 29, 2020.

On the briefs:

Matthew S. Kohm,
for Defendant-Appellant.

Renee Ishikawa Delizo,
Deputy Prosecuting Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge